IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. _____

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
11:55 am, Aug 24, 2020
JEFFREY P. COLWELL, CLERK

Crystal Casias

Daniel Aguilera

Plaintiff,

Vs

The City of Pueblo A municipal corporation

Mario Diaz, in his personal and professional capacity

Pueblo Police Officers John Doe, in his personal and professional capacity

Karen Willson in her personal and professional capacity

## COMPLAINT AND JURY DEMAND

Daniel Aguilera and Crystal Casias bring this complaint Pro Se and respectfully alleges for our complaint and Jury demand as follows.

### JURISDICTION AND VENUE

This action arises under the Constitution of the United States, pursuant to 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. All parties reside within the District of Colorado, and the events described in this Complaints occurred in the District of Colorado.

### PARTIES

Daniel Aguilera and Crystal Casias residents of Pueblo, Colorado. When the incident occurred.

At all times relevant to this Complaint, Defendants Mario Diaz, Karen Wilson, Officer John Doe, were working for City of Pueblo as Public Servants. Each is sued in his or her personal capacity and professional capacity. Defendant City of Pueblo is a Colorado municipal corporation. At all times relevant to this Complaint, the individual defendants acted as employees and agents of the City of Pueblo. At all times relevant to this Complaint, defendants were acting under color of state law.

### INTRODUCTION

1

Esparza v. Bowman, 523 F. App'x 530, 536 (10th Cir. 2013) (finding it "clear" that "pursuit of an arrest" would "chill a person of ordinary firmness from continuing to engage in protected activity").

Collins v. Virginia, No. 16-1027, 584 U.S. In an 8–1 opinion authored by Justice Sonia Sotomayor, the Court held that its own Fourth Amendment jurisprudence regarding the home and the "curtilage" of one's home (the area immediately surrounding it) clearly prevents officers from entering and searching without a warrant, even if the object searched is an automobile. The Court found that the area searched (the back of the driveway) was indeed the curtilage of the defendant's home, and thus the Fourth Amendment's highest degree of protection applies there.

**FACTUAL ALLEGATIONS**

**Illegal search.**

Crystal Casias:  on 8/12/2020 three officers came knocking at my door.  I was taking a nap and and did not have any shoes on.  The officers asked me to step outside.  Once outside they told me that they had a complaint about marijuana being grown in the back yard.   Defendant Mario Diaz then told me that they would need to see the plants.  I never gave them consent to search my backyard.  I went back inside to put my shoes on.  At this time detective Mario Diaz and the female code enforcement officer walked up the driveway and looked over our fence.  The other pueblo police officer who never identified himself to me went around the house and headed into the backyard.  I never gave this officer consent to go into my backyard.  All three defendants the two pueblo police officers and the code enforcement officer committed a search without my consent.  Detective Mario Diaz then told me I would need to open the gate.  I was given an order.  I was not asked.  I was scared so I opened the gate.  Since officers were already in the backyard. Officers never showed me a warrant.  I called and member of our church Delbert Sgaggio because he knows about the constitution.  I put Mr. Sgaggio on speaker and allowed him to talk to the officers.  Mr. Sgaggio asked if the officers had a warrant.  Mario Diaz became angry took the phone out of my hand and hung it up.  Officers were willfully and wantonly participating in an illegal search the actions to immediately silence and individual who was asking for a warrant further shows these facts. The officers then told me that I would need to remove or cut down the six plants in my backyard.  That if I did not cut down the six plants that I would be cited.  The search of our back yard, the house's curtilage was illegal.   Defendants cannot impose code enforcement violations with the fruit of a poisonous tree.

Daniel Aguilera: I am a member of a protected class under the 14th amendment. I am Native American. I am a member of Sinsemillas House of Worship.  My House of Worship is Non denominational, it has but one sacrament and that is marijuana.  Marijuana is used to pray much like how my ancestors used

the prayer pipe.  All of my religious activity involves the use of my sacramental marijuana.  The growth of the plants in my backyard is free exercise, for the act of cultivating my healing sacrament is religious activity.

Once I heard about the visit from the defendants, and the illegal search of my property, I immediately moved to seek an administrative remedy so that my religion would not be further burdened.  On 8/13/2020 I wrote a Notice to law enforcement, Demands to rectify.  I emailed the mayor of pueblo, the city Attorney, Chief of police and detective Mario Diaz.  I first informed the parties listed above about the illegal search that was committed at my house, a 4th amendment constitutional violation under Collins vs Virginia.  I also informed Pueblo's Government, The plants that are growing in my back yard are for religious use. They are my sacrament. The activity taking place in my backyard is religious activity.

I also let Pueblo Government know that I'm involved in a civil trial with Robert Blackwell (landlord of my property) and I felt that the code enforcement complaint was retaliation by Robert Blackwell.  The plants could not be smelled or seen from the street.  None of my neighbors would have complained.  None of my neighbors even knew there were plants in my backyard.

I also listed a large amount of law that showed my activity was constitutionally protected, as where the Government was clearly violating my rights.

I also made the statement. "I Demand a hearing from your code Enforcement."

**Code Enforcement Retaliation for engagement of Free exercise of religion.**

On 8/15/2020.  I received a letter from the city of pueblo code enforcement unit listed my address and gave multiple conditions and violations.  (exhibit 1)

Its clear it that all these violations cannot be it applied to Free Exercise of religion, and therefore the enforcement against me is unconstitutional.

"Sec. 17-15-20. - Medical and retail marijuana home cultivation performance standards.

(12) If the residential property used for personal cultivation is leased, the resident of the property must have written authorization, in the form approved by the Planning and Community Development Department, from the property owner allowing the property to be used to cultivate marijuana. Owner approval forms may be obtained from the Planning and Community Development Department.

Sec. 17-15-20. - Medical and retail marijuana home cultivation performance standards.

3

(13) Violation of any of any subsection(s) of this Article II shall be a Class two municipal offense unless specifically designated otherwise, and may be considered a nuisance per se subject to abatement pursuant to Pueblo Municipal Code Section 7-1-1 et seq.

Sec. 17-15-20. - Medical and retail marijuana home cultivation performance standards.

(5) Outdoor grow operations and home cultivation in greenhouse are prohibited. It shall be unlawful and a Class one municipal offense to violate this subsection. In addition, violation of this subsection shall be considered a nuisance per se subject to abatement pursuant to Pueblo Municipal Code Section 7-1-1 et seq.

Sec. 17-15-30. - Marijuana as a nuisance.

(1)

Neither the growing nor processing of medical or retail marijuana plants as part of a home cultivation shall be perceptible from the exterior of the structure in which any such activities occur, by or through any of the following means, or as a result of the general occurrence of any of the following impacts or effects:

(a)

Common visual observation (e.g., through a window) by a person of normal vision;

(b)

Light pollution, glare, or brightness that reasonably could be expected to disturb the repose of another person of normal visual sensitivities;

(c)

The smell or odor of marijuana, or unusual smells or odors generated by or connected to such growing or processing and not generally found in a residential environment, as detectable by a person with a normal sense of smell;

(d)

Undue or unusually high volumes of vehicular or pedestrian traffic, including unusually heavy or frequent parking in front of or in the immediate vicinity of the residence or residential structure; or

(e)

Noise from exhaust fans, other equipment, or other sources associated with or connected to such growing or processing in excess of any applicable permissible noise level set forth in Pueblo Municipal Code Section 11-1-607.

(2)

Receipt by the City of three (3) or more sustained complaints within a ninety-day period that a property on which a home cultivation exists has violated this Article III shall be considered a nuisance per se.

(3)

Each continuance of a nuisance for twenty-four (24) hours shall be considered a separate and distinct violation of this Chapter.

17 -15 – 30(3) Marijuana Nuisance every 24 hours

(3) Each continuance of a nuisance for twenty-four (24) hours shall be considered a separate and distinct violation of this Chapter.

Sec. 17-15-33. - Appeal.

(1)

In all cases except those involving a nuisance per se, a property owner or responsible party may file a written appeal with the Mayor or the designee of the Mayor within ten (10) days after receipt of the notice.

(2)

The appeal notice shall set forth the reasons why the property does not constitute a public nuisance and any defenses the property owner or responsible party may have for failure to remove the nuisance pursuant to the notice. Untimely appeals will not be considered.

(3)

The Mayor or the designee of the Mayor shall hold an appeal hearing within ten (10) days of the filing of a notice of appeal by the property owner or responsible party. At the hearing, the property owner or responsible party shall be entitled to present evidence and argue that the property does not constitute a public nuisance and any defenses the property owner or responsible party may have for failure to remove the nuisance.

(4)

The determination of the Hearing Officer after the hearing shall be final and not appealable. If, after the hearing, regardless of the attendance of the owner or the responsible party or their respective agents, the Hearing Officer determines that the property is a public nuisance, the Hearing Officer shall give a written order to the owner or responsible party at the time of the hearing, or if the owner or responsible party does not appear, by mailing a copy of the written order by U.S. mail postage pre-paid to the address provided by the owner or responsible party in the notice of appeal, that, unless the nuisance is abated within seven (7) days of the date of the written order, the City shall enter upon the property and cause the abatement of the nuisance, which may include but not be limited to removal and disposal of marijuana, marijuana plants, equipment and materials.

The highlighted above is what the city sent me for violations.

In Sec. 17-15-33. - Appeal. (1) In all cases except those involving a nuisance per se, a property owner or responsible party may file a written appeal with the Mayor or the designee of the Mayor within ten (10) days after receipt of the notice.

Not being able to have a hearing on my nuisance per se charge is a violation of procedural due process.

The notice given to me also threatens me for the free exercise of my religion. "You are hereby ordered to bring the violations in compliance by 8/24/2020.  Failure to comply will result in the issuance of a summons to municipal court where up to a one thousand dollar ($1000) fine, and / or one (1) year imprisonment of each day the violation continues may be imposed."


 17 -15 – 30(3) Marijuana Nuisance every 24 hours

(3) Each continuance of a nuisance for twenty-four (24) hours shall be considered a separate and distinct violation of this Chapter.

Violates Double Jeopardy.  The same crime is being reapplied ever 24 hours violating our due process.

**Municipality Liability**

City of Pueblo maintains customs, policies, and/or practices that caused the constitutional violations here. These include but are not limited to: (1) allowing unconstitutional municipal codes to violate the Free exercise of Americans (2) Allowing unconstitutional municipal codes with no due process.  (3) a custom, policy, and/or practice of allowing Public servants employed by the City of Pueblo to conduct illegal searches in violation of Collin vs Virginia. City of Pueblo is well-aware of these customs, policies, and/or practices and maintains them with deliberate indifference to Plaintiff's rights.

**14$^{th\ Amendment}$  Equal Protections of the law.**

 There is at the very least 21 catholic churches in pueblo.  https://www.yellowpages.com/pueblo-west-co/catholic-churches  These churches freely distribute their sacrament.  This sacrament is to be the blood of Christ, it is however alcohol.  The city of pueblo does not choose to regulate the Catholic church.  They do not require the Catholic church to obtain and liquor license.  They even allow the Catholic church to distribute alcohol to minors.  Even after the church is exhibited a terrific history of child rape and molestation.  That is religious organization is allowed to freely distribute out along with absolutely zero regulation from the city of pueblo.

**CLAIM ONE**

**42 U.S.C. § 1983 - First Amendment - Violation Regarding Free exercise of religion.**

**(All Defendants)**

All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

Plaintiff's Growing of religious sacrament is an activity protected by the First Amendment.

Plaintiff's Free Exercise did not violate any law.  Marijuana is protected in the Colorado Constitution.  Code violations target and chill my free exercise by threating the seizure of my liberty and property without due process.

Defendants' Karen Wilson gave us number of Code violations.  Mario Diaz and John Doe illegally searched our property ,  threats of arrest and hanging up Plaintiff Crystal Casias phone.  These actions would chill a reasonable persons free exercise.

Defendants, acting in concert with one another, prevented Plaintiffs Dan and Crystal from exercising freely.

Defendants engaged in this conduct intentionally, knowingly, willfully, wantonly, maliciously, and in reckless disregard of Plaintiffs constitutional rights.

7

Defendants' conduct violated clearly established rights belonging to Plaintiffs of which reasonable persons in Defendants' position knew or should have known

The acts and omissions of Defendants were engaged in pursuant to the customs, policies, and practices of Defendant City of Pueblo, which encourages, condones, tolerates, and ratifies the restraint of Free exercise While it continues to protect traditional religious organizations.

Defendants' actions and/or omissions caused, directly and proximately, Plaintiff to suffer damages.

**CLAIM TWO**

**42 U.S.C. § 1983 FIRST AMENDMENT – Retaliation for Free exercise.**

**(Defendants Karen Wilson and City of Pueblo.)**

All statements of fact set forth previously are hereby incorporated into this claim as though set forth fully herein.

Plaintiff's Growing of religious sacrament is an activity protected by the First Amendment.

Dan and Crystals growing of religious sacrament is Free exercise of religion.

I gave the pueblo government Notice of an illegal search, and of religious activity at 514 Floyd lane. Government should have took notice and left me alone.

Instead I am hit with 3 pages of violations and threats of fines and arrest for freely exercising my religion.

Frivolous and unconstitutional violations are a burden on my Free exercise and does Chill my religion.

Karen Wilsons retaliatory actions were substantially motivated by Plaintiffs exercising of our First Amendment rights.

Code enforcement violations sought to punish Dan and Crystal for engaging and exercising 1st amendment activities.

Defendants' retaliatory actions would chill a person of ordinary firmness from engaging in such First Amendment-protected activity.

Defendants' conduct violated clearly established rights belonging to Plaintiff of which reasonable persons in Defendants' position knew or should have known.

The acts and omissions of Defendants were engaged in pursuant to the customs, policies, and practices of Defendant City of Pueblo, which encourages, condones, tolerates, and ratifies the restraint of Free exercise of religion.

## CLAIM THREE

### 42 U.S.C. § 1983 VIOLATION of 4th Amendment Unlawful Search

(Against All Defendants)

Plaintiffs hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

 Public servants had the right to knock on the door and ask consent.  But when public servants moved into the back yard and up the drive way they committed an illegal search.

Reasonable officers would have known that the search violated clearly established Fourth Amendment law.

All three of the Defendant Officers are jointly responsible for the unconstitutional search.

All three officers are also liable for their failure to intervene to prevent the constitutional violations of which they were aware and did nothing to prevent.

Colorado Springs, through its procedures, policies, practices, and customs, caused the violation of Our rights.

## CLAIM FOUR

### 42 U.S.C. § 1983 - Fourteenth Amendment Denial of Equal Protection

### (Against All Defendants)

Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

I Daniel Aguilera am a member of a protected class.   I have not been afforded Equal protection of the laws.  The Catholic Church is allowed to use its sacrament with no oversite from the Pueblo Government.  However when I practice my Free Exercise, I am hit with countless unconstitutional code violations.

How I Dan Aguilera choose to pray was a motivating factor in the decision to frivolously charge Plaintiff with unconstitutional code violations that did chill my constitutional rights. The Defendant actions had a discriminatory effect on me.

Defendants were acting under the color of law.

Defendants knew or should have known that not providing "equal protection" would violate my rights.

Reasonable Defendants would have known that they were violating clearly established law.

City of Pueblo, through its procedures, policies, practices, and customs, caused the violation of Plaintiff's rights.

## CLAIM FIVE

### 42 U.S.C. § 1983- 5th and 14th Amendments

### Violations of Due process.

### (Karen Wilson and the City of Pueblo.)

Plaintiffs hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

Not allowing the nuisance per se to have a hearing is a violation of due process.

The 17 -15 – 30(3) Marijuana Nuisance every 24 hours

(3) Each continuance of a nuisance for twenty-four (24) hours shall be considered a separate and distinct violation of this Chapter. Is a violation of due process.

Defendants knew or should have known that not providing "due process" would violate my rights.

Defendants were acting under the color of law.

City of Pueblo, through its procedures, policies, practices, and customs, caused the violation of Plaintiff's rights.

## CLAIM SIX

### 42 U.S.C. § 1983- 6th Amendment

### Right to Jury trial.

### (Karen Wilson and the City of Pueblo.)

Plaintiffs hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

We was threatened with jail time and excessive fines yet nowhere in the paper work and code violations was there a way to remedy through jury trial.

Defendants knew or should have known that not providing a jury trial would violate my rights.

Defendants were acting under the color of law.

City of Pueblo, through its procedures, policies, practices, and customs, caused the violation of Plaintiff's rights.

## CLAIM SEVEN

## 42 U.S.C. § 1983- 8th Amendment

Excessive Fines, Cruel and Unusual Punishment

### (Karen Wilson and the City of Pueblo.)

Plaintiffs hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

Thousand dollar a day fine is excessive.  To fine us $ 1000 a day for exercise of religion is cruel and unusual punishment.

Defendants knew or should have known "excessive fines, and cruel and unusual punishment would violate my rights.

Defendants were acting under the color of law.

City of Pueblo, through its procedures, policies, practices, and customs, caused the violation of Plaintiff's rights.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(a) Compensatory and punitive damages from Defendant Officers sued in their individual capacity;

(b) Compensatory damages from the City of Pueblo;

(c) Pre and post-judgment interest at the lawful rate;

(e) Any further relief that this Court deems just and proper in equity and at law.

### Jury Demand

Plaintiffs requests a trial by jury in this matter

Daniel Aguilera and Crystal Casias

514 Floyd Lane

Pueblo Colorado 81005

719 214 4148

ANR1776@outlook.com