IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-2545-WJM-KMT

CRYSTAL CASIAS, and
DANIEL AGUILERA,

      Plaintiffs,

v.

THE CITY OF PUEBLO, a municipal corporation,
MARIO DIAZ, in his personal and professional capacity,
PUEBLO POLICE OFFICER JOHN DOE, in his personal and professional capacity, and
KAREN WILLSON, in her personal and professional capacity,

      Defendants.

---

## ORDER ADOPTING AUGUST 27, 2021
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on United States Magistrate Judge Kathleen M. Tafoya's August 27, 2021 Report and Recommendation ("Recommendation") (ECF No. 34) that the Court: dismiss Plaintiffs Crystal Casias and Daniel Aguilera ("Plaintiffs") official capacity claims for money damages without prejudice for lack of subject matter jurisdiction; dismiss Plaintiffs' First Amendment Free Exercise of Religion, Fourth Amendment Unlawful Search, Fourteenth Amendment Denial of Equal Protection, Fourteenth Amendment Due Process, First Amendment Free Speech, and Fourth Amendment Unlawful Seizure claims with prejudice and grant the individual Defendants qualified immunity on those claims; and allow Plaintiffs' First Amendment Retaliation for Free Exercise of Religion and First Amendment Retaliation for Free Speech claims to

proceed against Defendant City of Pueblo and against the individual Defendants in their individual capacities. (ECF No. 34 at 21–22.) The Recommendation is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 34 at 22–23.) Defendants filed their Objection to Recommendation of United States Magistrate Judge ("Objection") on September 10, 2021. (ECF No. 35.) Plaintiffs did not file their own objections or a response to the Objection, and the time to do so has passed. For the following reasons, Defendants' Objection is overruled, and the Recommendation is adopted in its entirety.

The Court concludes that the Magistrate Judge's analysis was thorough and sound, and that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); see also Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

In the Recommendation, the Magistrate Judge notes that Defendants failed to seek the dismissal of Plaintiffs' Retaliation for Free Exercise claim or their Retaliation for Exercise of Free Speech claim. (ECF No. 34 at 10 n.2, 17 n.4.) The Magistrate Judge did not analyze these claims sua sponte, explaining that Plaintiffs do not proceed pursuant to 28 U.S.C. § 1915, and it is not "patently obvious" that they could not prevail on the facts alleged or that allowing them an opportunity to amend their complaint would

be futile. *McKinney v. State of Okla., Dep't of Hum. Servs., Shawnee, Okla.*, 925 F.2d 363, 364–65 (10th Cir. 1991).

In their Objection, Defendants only object to the Recommendation with respect to the "failure to recommend dismissal of the two retaliation claims." (ECF No. 35 at 3.) Defendants do not dispute the Magistrate Judge's observation that they did not move for dismissal of the retaliation claims. (*Id.*) Instead, they compare the retaliation claims to other claims which the Magistrate Judge recommended dismissing and argue the Court should apply that reasoning to the retaliation claims and dismiss them as well. (*See generally id.*) Despite Defendants' belated attempt to obtain dismissal of the retaliation claims, "arguments and claims raised for the first time in an objection to a magistrate judge's report and recommendation are waived." *Reyes v. Larimer Cnty.*, 796 F. App'x 497, 499 (10th Cir. 2019) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)). Especially because the Defendants are represented by counsel and the Plaintiffs are not, the Court will hold Defendants to their tactical decision not to seek the dismissal of the two retaliation claims. Therefore, the Court will not consider these eleventh hour arguments that it should dismiss Plaintiffs' retaliation claims, and will overrule the Objection.

In accordance with the foregoing, the Court ORDERS as follows:

1. Defendants' Objection (ECF No. 35) is OVERRULED;
2. The Recommendation (ECF No. 34) is ADOPTED in its entirety;
3. Defendants' Motion to Dismiss Amended Complaint (ECF No. 19) is GRANTED in part and DENIED in part as follows:

    a. Plaintiffs' official-capacity claims for money damages are DISMISSED without prejudice for lack of subject matter jurisdiction;

    b. Plaintiffs' First Amendment Free Exercise of Religion, Fourth Amendment Unlawful Search, Fourteenth Amendment Denial of Equal Protection, Fourteenth Amendment Due Process, First Amendment Free Speech, and Fourth Amendment Unlawful Seizure claims are DISMISSED with prejudice, and the individual Defendants should be granted qualified immunity on those claims; and

    c. Plaintiffs' First Amendment Retaliation for Free Exercise of Religion and First Amendment Retaliation for Free Speech claims will proceed against Defendant City of Pueblo and against individual Defendants in their individual capacities;

4. The stay of proceedings ordered by the Magistrate Judge (ECF No. 33) is LIFTED; and

5. The Magistrate Judge is encouraged to consider the utility of scheduling in the near future a status conference or such other proceeding as she decides is appropriate to move this litigation forward.

Dated this 4th day of October, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge