IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02545-WJM-NRN

CRYSTAL CASIAS and
DANIEL AGUILERA,

    Plaintiff,

v.

THE CITY OF PUEBLO, a municipal corporation,
MARIO DIAZ, in his personal and professional capacity,
DETECTIVE RUIZ, in his personal and professional capacity, and
KAREN WILLSON, in her personal and professional capacity,

    Defendants.

---

**REPORT AND RECOMMENDATION ON
DEFENDANTS' EARLY MOTION FOR SUMMARY JUDGMENT (Dkt. #42)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

    This matter before the Court is Defendants City of Pueblo, Mario Diaz, Detective Ruiz, and Karen Willson's (collectively "Defendants") Early Motion for Summary Judgment. (Dkt. #42.) Judge William J. Martinez referred the case to Magistrate Judge Kathleen M. Tafoya (Dkt. #28) and it was reassigned to this Court (Dkt. #46) following Magistrate Judge Tafoya's retirement.

    Plaintiffs Crystal Casias and Daniel Aguilera (collectively "Plaintiffs") filed a response (Dkt. #44), and Defendants filed a reply. (Dkt. #45.) On February 28, 2022, the Court heard arguments on the subject motion. (*See* Dkt. #48.) The Court has taken judicial notice of the Court's file and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed

below, it is hereby **RECOMMENDED** that Defendants' Early Motion for Summary Judgment (Dkt. #42) be **GRANTED**.

## BACKGROUND[1]

This lawsuit arises from an incident between Plaintiff Crystal Casias and City of Pueblo police officers on August 12, 2020, at Plaintiffs' rental home in Pueblo, Colorado. Plaintiffs filed suit under 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc alleging that Defendants violated their rights under the First, Fourth, and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

### I.   Procedural History

Plaintiffs filed their Amended Complaint on December 9, 2020. (Dkt. #16.) Plaintiffs allege in their Amended Complaint that on the afternoon of August 12, 2020, Defendants Diaz, Ruiz, and Willson came to the front door of their rental home and asked Ms. Casias if she would show them her marijuana grow. (*Id.* at 4.) It appears Plaintiff Daniel Aguilera was not present during the exchange. (*See id.* at 8.) Plaintiffs allege that before Ms. Casias led the officers to the backyard, Defendant Willson searched and took pictures of the driveway and curtilage. (*Id.* at 5.) Shortly after, Ms. Casias called her minister who allegedly began "schooling [Defendant] Diaz on Federal law and Federal Due Process . . . ." (*Id.* at 7.) Plaintiffs allege that Defendant Diaz then seized Ms. Casias's phone and ended the call. (*Id.*) Mr. Aguilera, a tenant of the searched residence, states in the Amended Complaint that he is a member of Sinsemillas House of Worship, of which marijuana is the only sacrament. (*See id.* at 7,

---

[1] All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

9.) Mr. Aguilera states that because his "House of Worship" is in Colorado Springs, he uses his backyard as his second "House of Worship" to pray by smoking marijuana. (*Id.* at 8.) Mr. Aguilera states that when he heard about the visit from Defendants, he wrote a notice to various Pueblo government officials and Defendant Diaz demanding a hearing from code enforcement. (*Id.* at 8–9.) Mr. Aguilera alleges that after he sent the notice, the City of Pueblo retaliated against him by sending a letter citing multiple violations and threatening to issue fines if Plaintiffs failed to correct the violations. (*Id.* at 9–10.) Mr. Aguilera asserts that the threats by the City of Pueblo have stopped his prayer. (*Id.* at 12.)

In their Amended Complaint, Plaintiffs assert eight § 1983 claims and one § 2000cc claim. Plaintiffs' § 1983 claims allege a First Amendment free exercise of religion violation against all Defendants (Claim One), a First Amendment retaliation for free exercise of religion violation against Defendants Willson and the City of Pueblo (Claim Two), a Fourth Amendment unlawful search violation against all Defendants (Claim Three), a Fourteenth Amendment Equal Protection Clause violation against all Defendants (Claim Four), a Fourteenth Amendment Due Process violation against Defendants Willson and the City of Pueblo (Claim Five), a First Amendment free speech violation against all Defendants (Claim Six), a First Amendment retaliation for free exercise of speech violation against all Defendants (Claim Seven), and a Fourth Amendment unlawful seizure violation against all Defendants (Claim Eight). Plaintiffs also assert a § 2000cc RLUIPA violation against all Defendants (Claim Nine).

On December 23, 2020, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking to dismiss the Amended Complaint. (*See* Dkt. #19.)

3

Magistrate Judge Tafoya issued her recommendation that Claims One, Three, Four, Five, Six, Eight, and Nine be dismissed, but that Claims Two and Seven survive because Defendants failed to specifically move for dismissal of those claims. (Dkt. #34.) As relevant to this Motion for Summary Judgment, Magistrate Judge Tafoya dismissed the First Amendment free exercise of religion claim (Claim One) because Plaintiffs failed to allege that "the City of Pueblo's zoning laws represent an attempt to regulate religious beliefs or the communication of religious beliefs." (*Id.* at 11.) Also relevant to this Motion for Summary Judgment, Magistrate Judge Tafoya dismissed the First Amendment free exercise of speech claim (Claim Six) because Plaintiffs only alleged that Defendants stopped their minister's speech, thereby failing "to show either a potential or actual deprivation of *their* free speech rights." (*Id.* at 17.)

On October 4, 2021, Judge Martinez adopted those recommendations. (Dkt. #36.) Thus, the only remaining claims in this case are for First Amendment retaliation for free exercise of religion violation (Claim Two) and First Amendment retaliation for free exercise of speech violation (Claim Seven).

Defendants now move for summary judgment as to Plaintiffs' remaining two claims, arguing for dismissal of Claim Two because Magistrate Judge Tafoya held that there was no constitutionally protected activity at issue, therefore Plaintiffs cannot satisfy that required element of a retaliation for free exercise of religion claim. Similarly, Defendants argue for dismissal of Claim Seven because Magistrate Judge Tafoya held that Plaintiffs were not engaged in protected speech, which is a required element of a retaliation for free exercise of speech claim. Plaintiffs did not respond to Defendants' free exercise of religion argument and reassert their argument that Ms. Casias was

4

engaged in protected speech by broadcasting her minister's statements over her phone speaker.

## II.   Factual History

The following undisputed facts are taken from Defendants' Early Motion for Summary Judgment.[2] (Dkt. #42.) Plaintiffs were growing marijuana plants, which they used for their religious practices, in the backyard of their residence. (*Id.* at ¶¶ 1, 2.) The Pueblo Municipal Code and zoning laws do not prevent Plaintiffs from growing marijuana; they simply require marijuana to be grown indoors and with the permission of the owner of a rented property. (*Id.* at ¶¶ 3, 4.) During the August 12, 2020 interaction between Ms. Casias and Defendants, Ms. Casias had her minister on her phone speaker, and he was "schooling" Officer Diaz on federal law and due process. (*Id.* at ¶ 5.) Officer Diaz then hung-up Ms. Casias's phone.[3] (*Id.* at ¶ 6.)

## **LEGAL STANDARDS**

## I.   Pro Se Litigants

Plaintiffs proceed pro se. Accordingly, the Court "review[s] [their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by

---

[2] The Court relies primarily on Defendants' statement of undisputed facts in part because Plaintiffs did not comply with Judge Martinez's Practice Standards, which, for example, required them to respond to Defendants' material facts with numbered paragraphs admitting or denying each of Defendants' asserted facts, and providing a factual basis for a denial. *See* WJM Revised Practice Standards III.F.4.

[3] In their Response [sic] Early Motion for Summary Judgment, Plaintiffs argue this is a disputed material fact because Defendants stated in their Motion to Dismiss that "Defendant Diaz did not hang up the phone nor conduct any type of search of the phone." (Dkt. #44 at 3, quoting Dkt. #19 at 11.) However, Defendants concede this material fact in their Early Motion for Summary Judgment. (*See* Dkt. #42 at ¶ 6.) Regardless, it is not a material fact that would preclude the Court from granting summary judgment because, as subsequently discussed by the Court, Plaintiffs' claims must be dismissed as a matter of law.

attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). This standard "applies to all proceedings involving a *pro se* litigant, including . . . summary judgment proceedings." *Espinoza-Horiuchi v. Walmart Stores, Inc.*, No. 16–cv–00219–REB–NYW, 2016 WL 1275494, at *1 (D. Colo. Mar. 7, 2016) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). However, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Calbart v. Denver Sheriff Dep't*, 505 F. App'x 703, 705 (10th Cir. 2012). Plaintiffs' pro se status does not entitle them to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

II.     **Motion for Summary Judgment under Rule 56**

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). A court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Furthermore, a judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter, but to determine if there is a genuine issue for trial. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014).

The moving party bears the initial responsibility of providing the court with the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the

6

nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

If the movant properly supports a motion for summary judgment, the non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, the opposing party may not rest on the allegations contained in his complaint but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *see Scott v. Harris*, 550 U.S. 372, 380 (2007) ("The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."); *see also Hysten v. Burlington N. & Santa Fe Ry. Co.*, 296 F.3d 1177, 1180 (10th Cir. 2002). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, i.e., the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005). However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Ultimately, the Court's inquiry

on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52 (1986).

## DISCUSSION

I. **Plaintiffs' First Amendment retaliation of free exercise of religion claim fails as a matter of law.**

First, Defendants argue that because Magistrate Judge Tafoya held that there was no constitutionally protected activity at issue, Plaintiffs cannot satisfy the first element of a retaliation for free exercise of religion claim.

To establish a First Amendment retaliation claim in the Tenth Circuit, a plaintiff must prove the following elements:

> (1) *that the plaintiff was engaged in constitutionally protected activity*; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Sgaggio v. De Young*, No. 20–cv–01977–PAB–KMT, 2022 WL 279627, at *7 (D. Colo. Jan. 31, 2022) (emphasis added) (quoting *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1203 (10th Cir. 2007)). Thus, to successfully assert a retaliation for free exercise of religion claim, Plaintiffs must establish that they were engaged in an activity protected by the First Amendment.

Federal courts, including in this district, have held that when a court dismisses a plaintiff's First Amendment claim, the plaintiff's First Amendment retaliation claim fails as a matter of law because the court already concluded that the plaintiff was not engaged in a protected activity. *See Ahmad v. Ehrmann*, 339 F. Supp. 2d 1134, 1139

8

(D. Colo. 2004) ("Because the Court has accepted and adopted Magistrate Judge Coan's Recommendation on the First Amendment Free Exercise Clause . . ., there is no constitutionally protected activity at issue."), *rev'd on other grounds sub nom. Ahmad v. Furlong*, 435 F.3d 1196 (10th Cir. 2006); *Richards v. Goord*, No. 9:04-CV-1433 (LEK/RFT), 2007 WL 201109, at *9 (N.D.N.Y. 2007) ("[B]ecause I have already concluded that Plaintiff did not have a First Amendment right to satisfy his ASAT Program-completion requirement by 'expressing his religious views' or 'reciting prayers' during the ASAT Program meetings, I also conclude that he was not engaging in 'protected conduct' (for purposes of a retaliation claim) when he allegedly expressed his religious beliefs during those group substance-abuse treatment meetings.").

Here, Magistrate Judge Tafoya dismissed Plaintiffs' First Amendment free exercise of religion because Plaintiffs failed to allege that the City of Pueblo's zoning laws attempt to regulate religious beliefs. In fact, Magistrate Judge Tafoya found that the zoning laws do not even prevent Plaintiffs from growing marijuana but only require them to grow marijuana indoors with the homeowners' permission. Magistrate Judge Tafoya's recommendation was then adopted by Judge Martinez. As a result of the dismissed First Amendment free exercise of religion claim, Plaintiffs have not established that they were engaged in a constitutionally protected activity. Therefore, Plaintiffs' First Amendment retaliation of free exercise of religion claim fails as a matter of law.

**II.   Plaintiffs' First Amendment retaliation of free exercise of speech claim fails as a matter of law.**

Next, Defendants contend that because Magistrate Judge Tafoya held that there was no constitutionally protected speech at issue, Plaintiffs cannot satisfy the first

9

element of a retaliation for free exercise of speech claim. Like a retaliation of free exercise of religion claim, to establish a retaliation of free exercise of speech claim in the Tenth Circuit, a plaintiff must prove, among other things, that they were engaged in constitutionally protected activity. *See Sgaggio*, 2022 WL 279627, at *7.

Here, Magistrate Judge Tafoya recommended dismissal of Plaintiffs' First Amendment free exercise of speech claim following Defendants' Motion to Dismiss because Plaintiffs failed to allege that Defendants "attempted to control, compel, chill, deny, or otherwise restrict or inhibit in any manner whatsoever the content, form, time, place[,] or manner of any speech *by either plaintiff* by allegedly hanging up Ms. Casias' phone . . . ." (Dkt. #34 at 17–18 (emphasis in original).) Judge Martinez adopted the recommendation. As a result of the dismissed First Amendment free speech claim, Plaintiffs have not established that they were engaged in a constitutionally protected activity. Therefore, Plaintiffs' First Amendment retaliation of free exercise of speech claim fails as a matter of law.

## RECOMMENDATION

In light of the foregoing, it is hereby **RECOMMENDED** that Defendants' Early Motion for Summary Judgment (Dkt. #42) be **GRANTED** and judgment enter in favor of Defendants and against Plaintiffs on Claims Two and Seven.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need**

**not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:   March 30, 2022
         Denver, Colorado

_____
N. Reid. Neureiter
United States Magistrate Judge